LUNDSTEN, P.J.[1]
¶ 1 Mickey Christian appeals a circuit court judgment awarding him money damages of $600 in his small claims action against Midtown Motors.[2] The dispute arises out of Christian's purchase of a used vehicle from Midtown that, Christian claimed, had a motor problem that Midtown failed to disclose. Christian argues that the circuit court erred by not ruling on his request for rescission of the purchase contract. Apart from his rescission argument, Christian contends that the court erred by awarding him only $600 in damages. Neither of these arguments persuades me that reversal is warranted. The judgment is therefore affirmed.
Rescission
¶ 2 I begin with Christian's argument that the circuit court erred by not ruling on his request for rescission. Christian concedes that he initially sued only for a money judgment, but asserts that he made clear at trial that he was seeking to rescind the contract as an alternative. I disagree.
¶ 3 I will assume, without deciding, that Christian was entitled to request rescission at trial despite having not pled rescission in his small claims complaint. Regardless, for the reasons that follow, I disagree with Christian that he made a rescission request at trial.
¶ 4 Rescission of a contract " 'restore[s] the parties to the position they would have occupied if no contract had ever been made between them.' " Kilian v. Mercedes-Benz USA, LLC , 2011 WI 65, ¶ 41, 335 Wis. 2d 566, 799 N.W.2d 815 (quoted source omitted). "When rescission is sought each party is to return to the other such benefits as have been received from the other." First Nat'l Bank & Trust Co. of Racine v. Notte , 97 Wis. 2d 207, 225, 293 N.W.2d 530 (1980).
¶ 5 Here, during his closing argument at trial, Christian made a passing reference to rescission, as well as related references to voiding the contract. He did so, however, only in the context of quoting at length from legal authority summarizing the law of contracts and fraud. In quoting this authority, Christian also referred to recovery for damages. More importantly, when Christian reached the end of his closing argument and made his request for relief, he plainly stated only one request, namely, a request for money damages, although he referred to the damages as "costs." Christian stated to the court: "I respectfully request the Court to grant the judgment for $3937.65 in costs, which I'm convinced would be just and fair."
¶ 6 This $3,937.65 amount was the same amount of money damages that Christian alleged as his sole request for relief in his complaint, and also the amount that Christian asserted at trial was the total amount he spent to replace the vehicle's motor. Thus, Christian not only made no express request for rescission, but also made no request even suggestive of rescission. That is, he did not propose as an alternative to the $3,937.65 in requested damages that the court order relief that would look anything like rescission. For example, Christian did not request that the court order relief to include Christian returning the vehicle to Midtown and Midtown returning the total purchase price to Christian.
¶ 7 Under the circumstances, it is not reasonable to say that Christian made a rescission request at trial, let alone a "clear" one as Christian asserts. The most that can be said is that Christian presented legal argument supporting the availability of rescission as an alternative to damages but then opted to request only damages.
¶ 8 Accordingly, the circuit court did not err by not ruling on rescission, and the absence of ruling on this topic is not a reason for this court to reverse the circuit court. Appellate courts generally do not reverse circuit courts for failing to address theories that they were not asked to address. See State v. Rogers , 196 Wis. 2d 817, 827, 539 N.W.2d 897 (Ct. App. 1995) (court of appeals does not "blindside trial courts with reversals based on theories which did not originate in their forum").
¶ 9 Christian was pro se in the circuit court, and he seemingly views his pro se status in that court as a reason for me to conclude that he made a sufficient rescission request. He directs my attention to State ex rel. L'Minggio v. Gamble , 2003 WI 82, ¶ 16, 263 Wis. 2d 55, 667 N.W.2d 1, a case addressing the construction of pro se pleadings. The court in L'Minggio stated:
[I]t is well-settled that pro se complaints are to be liberally construed to determine if the complaint states any facts that can give rise to a cause of action. Therefore, a court should not deny a prisoner's pleading based on its label rather than its allegations.
Id. (citations omitted).
¶ 10 Christian's reliance on L'Minggio is misplaced because the question here is not the sufficiency of a pleading. Regardless, even if I applied the same liberal construction rule to Christian's request for relief at trial, Christian would still not prevail. The problem for Christian is not that he made a vague or ambiguous rescission request; he simply made no such request.
$600 Damages Amount
¶ 11 I turn to Christian's argument that the circuit court erred in awarding only $600 in damages. Christian argues that the court was required to award instead $3,937.65, the total amount that Christian spent to replace the vehicle's motor, consisting mainly of the cost of the motor plus $500 in labor. I reject this argument for the reasons that follow, beginning with some additional facts.
¶ 12 Christian's expert, a mechanic, testified that used replacement motors for the type of vehicle involved here could be purchased at a range of prices, and sometimes for as little as $600 or $700. The circuit court plainly relied on this testimony in making its damages finding. The replacement motor that Christian chose to purchase, in contrast, cost nearly $2,800, and came with a 3-year warranty. When the circuit court addressed the damages amount, the court rejected the proposition that Christian was entitled to a motor with a 3-year warranty when the vehicle in question was a used vehicle without a similar warranty.
¶ 13 In arguing that the circuit court erred, Christian argues that the measure of damages is "pecuniary loss" under applicable administrative code provisions. For support, he directs my attention to Mueller v. Harry Kaufmann Motorcars, Inc. , 2015 WI App 8, 359 Wis. 2d 597, 859 N.W.2d 451 (2014). Christian correctly cites Mueller for the proposition that "pecuniary loss" under these administrative code provisions means any monetary loss up to the purchase price of a vehicle, "subject to the claimant's proof." See id. , ¶ 22; see also id. , 29. Christian does not explain, however, why this proposition required the court here to award $3,937.65, instead of $600, when Christian's proof, which included the mechanic's testimony, provides support for the $600 figure. I note that Mueller does not say, as Christian may be implying, that the court must award the maximum amount of damages that the claimant's proof will allow, up to the purchase price. See id. , ¶¶ 17-29.
¶ 14 I note that the circuit court's $600 damage finding did not include any amount for labor, and that Christian's proof showed that the labor cost was $500. But Christian does not challenge the court's damages finding on the basis that the court failed to include labor costs. Rather, as noted, Christian argues only that the court was required to adopt the $3,937.65 figure that included $2,800 for the replacement motor with a 3-year warranty. Moreover, the calculation of damages often involves a judgment call as to which of a range of figures is most fair or reasonable. Absent authority to the contrary provided by Christian, I cannot conclude here that the $600 amount was outside this range. Thus, even if Christian had made the argument regarding labor costs, I would reject it.
¶ 15 Christian's remaining challenge to the damages amount relates to unfair trade practices. Christian argues that Midtown committed an unfair trade practice and, in doing so, "forfeited" its right to argue that damages were limited to the cost of a used motor. I am not persuaded.
¶ 16 In making his unfair trade practice argument, Christian relies on WIS. ADMIN. CODE § Trans 139.04(6)(a)5. The code provision states, in pertinent part, that
it is an unfair practice for a dealer to not remedy an item ... if the buyer has notified the dealer within a reasonable time after the buyer discovered or should have discovered the ... item.... The dealer shall reasonably remedy or make a good faith effort to reasonably remedy an item improperly reported within 30 days of the buyer's notification.
Id.
¶ 17 Here, the circuit court determined that Christian failed to notify Midtown of the motor problem that gave rise to the parties' dispute within a reasonable time of discovering it. Thus, under a plain reading of the code provision, Midtown committed no unfair trade practice under this provision. To repeat, the provision states "it is an unfair practice for a dealer to not remedy an item ... if the buyer has notified the dealer within a reasonable time." See id. (emphasis added).
¶ 18 Christian ignores the circuit court's determination on this topic and instead asserts, contrary to the plain language of the code provision, that this provision places no obligation on buyers. As legal support for this assertion, Christian cites an unpublished opinion from 2006, Parker v. Buck , No. 2005AP2026, unpublished slip op. (WI App May 25, 2006). Citation to Parker is not allowed under the applicable rule. See WIS. STAT. RULE 809.23(3) (addressing citation of unpublished opinions issued on or after July 1, 2009). Regardless, even if Parker were proper authority, I would disagree with Christian that Parker provides clear support for his assertion.
Conclusion
¶ 19 For the reasons stated above, I affirm the judgment awarding Christian $600 in money damages.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(a). In a January 31, 2018 order, the court placed this case on the expedited appeals calendar, and the parties have submitted memo briefs. See Wis. Stat. Rule 809.17. Briefing was complete on July 9, 2018. All references to the Wisconsin Statutes are to the 2015-16 version.

Christian sued both Midtown and Mike Culligan, and both appear together on the same responsive brief in this court. The record indicates, however, that the circuit court dismissed Culligan as a party. Thus, I refer only to Midtown.